William R. FARRAR

v.

The UNITED STATES.

No. 190-61.

United States Court of Claims.

Dec. 17, 1965.

---

Paul R. Harmel, Washington, D. C., for plaintiff. Geiger, Harmel & Schuchat, Washington, D. C., of counsel.

LeRoy Southmayd, Jr., Washington, D. C., with whom was Asst. Atty. Gen. John W. Douglas, for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS and COLLINS, Judges.

PER CURIAM:

This is a military disability-retirement case in which Chief Commissioner Marion T. Bennett has concluded, after a trial, that (a) if the true facts of plaintiff's service-incurred condition (a ruptured disc of the cervical spine) had been known at the time of his separation from the Army in 1945, he would have been entitled to disability retirement under the pertinent Army regulations, and (b) that the Board for the Correction of Military Records was arbitrary and unsupported by substantial evidence in refusing to grant plaintiff such entitlement on the basis of the materials he presented to that board. We agree with these ultimate findings of the commissioner, as well as his other findings, and hold, on the basis of those determinations, that plaintiff is entitled to recover. This case is very close to Harper v. United States, 310 F.2d 405, 159 Ct.Cl. 135 (1962), in which the claimant had also suffered, while in service, a disc injury which was not diagnosed until well after he was separated. In both instances, the officer's symptoms while in the Army (and for some time thereafter) were wrongly attributed to other causes believed to be temporary or not disabling; and in both instances the officer was actually disabled, under the Army's regulations, at the time of his release.[1] See, also, for comparable situations, Grubin v. United States, 333 F.2d 861, 166 Ct.Cl. 272 (1964), and Woodard v. United States, 167 Ct.Cl. 306 (1964). Stone v. United States, 160 Ct.Cl. 128 (1963), presented a different case; on that particular record, the finding was that the officer was not incapacitated at the time of his release from military service but became incapable of performing his duties some eight years later (see 160 Ct.Cl. at 131, 140).

The plaintiff is entitled to recover and judgment is entered to that effect. The amount of recovery will be determined under Rule 47(c).

1. As in *Harper*, the present plaintiff's cause of action did not accrue until denial of his claim by the Correction Board. He did not previously have or ask for a retiring board, nor was he offered one.

There is no limitations bar. Accord: Grubin v. United States, 166 Ct.Cl. 272, 333 F.2d 861 (1964); Woodard v. United States, 167 Ct.Cl. 306 (1964).